Cite as 2019 Ark. App. 338

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-19-26

| | |
|---|---|
| LAZERRICK BLACK | **Opinion Delivered:** June 5, 2019 |
| APPELLANT | APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT [NO. 02CR-16-154] |
| V. | |
| STATE OF ARKANSAS | HONORABLE ROBERT BYNUM GIBSON, JR., JUDGE |
| APPELLEE | |
| | AFFIRMED; MOTION TO BE RELIEVED GRANTED |

## WAYMOND M. BROWN, Judge

Appellant appeals from the circuit court's revocation of his probation. Appellant's counsel has filed a no-merit brief and a motion to be relieved, pursuant to *Anders v. California*,[1] and Arkansas Supreme Court Rule 4–3(k), stating that there are no meritorious grounds to support an appeal. The clerk mailed a certified copy of counsel's motion and brief to appellant, informing him of his right to file pro se points for reversal. Appellant has failed to file pro se points for reversal. We affirm and grant counsel's motion to be relieved.

On August 8, 2016, appellee filed an information for one count of terroristic act, a Class Y felony; and one count of first-degree battery, a Class B felony. A sentencing order was entered on April 18, 2017, showing that appellant entered a negotiated plea to aggravated assault for which he was sentenced to seventy-two months' probation in addition

---

[1]386 U.S. 738 (1967).

to payment of court costs and fees. He was also ordered to pay restitution of $1,247.53 for which he was jointly and severally liable with a codefendant.[2] The conditions of appellant's probation, which were signed by appellant, were filed on the same date.

On October 16, 2017, appellee filed a petition to revoke asserting that appellant had willfully violated the terms and conditions of his probation. An attached violation report stated that appellant had evaded supervision and failed to report and was being charged with absconding. It also stated that appellant had tested positive for alcohol, marijuana, and cocaine on August 23, 2017; and owed $105 on his supervision fees as of September 29, 2017.

The circuit court entered an order for dismissal of the matter on June 27, 2018, as "suggested" by appellee. Appellant had served fifty days in the county jail. An order modifying his conditions of probation was entered on the same date stating that his probation was being modified in that he was thereby sentenced to fifty days in the county jail as an additional condition of his probation, but that he was receiving fifty days' credit for time served. Appellant was also ordered to pay all outstanding monies owed at a rate of $100 per month.

Appellee filed a petition to revoke on August 9, 2018, asserting that appellant had willfully violated the terms and conditions of his probation. An attached violation report stated that appellant had evaded supervision, failed to report, and was being charged with absconding. It also stated that he had committed new felonies on May 2, 2018, in addition to restating violations listed in the October 16, 2017 petition to revoke.

---

[2]The first-degree battery count was nolle prossed.

A revocation hearing was held on September 17, 2018, following which a sentencing order was entered on September 18, 2018, showing that appellant was found guilty of aggravated assault and sentenced to thirty-six months' imprisonment in the Arkansas Department of Correction (ADC). He was also ordered to begin installment payments of $100 per month on all monies owed within sixty days of his release from the ADC. The circuit court also entered a separate order, where not duplicative of the sentencing order, specifically finding that appellant "[had] violated the terms and conditions of probation previously entered herein in that he [had] failed to report as directed by his probation officer and [had] failed to pay costs and fees assessed herein as ordered." This timely appeal followed.

In compliance with *Anders* and Rule 4–3(k), counsel ordered the entire record and found that after a conscientious review of the record, there are no issues of arguable merit for appeal. Counsel's brief adequately covered all the adverse rulings as well as the revocation itself. After carefully examining the record and the brief presented to us, we hold that counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit appeals in criminal cases and conclude that the appeal is wholly without merit.

Affirmed; motion to be relieved granted.

VIRDEN and MURPHY, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

One brief only.